# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON OTIS LEWIS,<br><br>    Petitioner,<br><br>v.<br><br>RON DAVIS,<br><br>    Respondent. | No. 2:02-cv-0013-TLN-EFB<br><br>No. 2:17-cv-1112-TLN-EFB<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

    Petitioner is a state death row prisoner. He has currently pending before this court a petition for writ of habeas corpus, Eastern District Case No. 2:02-cv-0013-TLN-EFB, in which he is represented by attorneys David A. Senior and Ann-Kathryn R. Tria. In that action, he challenged his conviction and sentence on a number of grounds, some of which remain awaiting adjudication. *See* No. 2:02-cv-0013, ECF No. 175.

    Without counsel, petitioner recently filed a second habeas petition in this court, also challenging his conviction and sentence. 2:17-cv-1112, ECF No. 1. Petitioner appended a number of excerpts from state court petitions to the new petition, making it unclear which claims he wished to present therein.

    The court directed counsel for petitioner in the earlier-filed action to show cause why the later-filed action should not be dismissed and petitioner be directed to consult with counsel regarding any additional claims he wishes to raise. 2:17-cv-1112, ECF No. 5. In response, counsel states:

1

> Counsel for Petitioner and Petitioner agree that all of Petitioner's claims should be adjudicated in this federal action. Petitioner's claims for relief raised in his recently filed pro se petition contain substantial overlap with the claims previously presented . . ..
>
> Petitioner therefore requests that these recently raised claims be combined with and adjudicated as part of his currently pending claims. Petitioner submits that no further action is required on these claims at this time.

No. 2:02-cv-0013, ECF No. 192. Thus, it appears that much of the new petition is duplicative. However, to the extent that the new petition is attempting to add to or amend the earlier petition, petitioner has not followed the appropriate process for doing so.

A litigant has no right to maintain a second action duplicative of another; i.e. one involving the same subject matter, in the same court, at the same time, against the same respondent. *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999). When a party files a second action alleging the same claim as a prior, pending, related action, the second action may be dismissed. *Id.* As petitioner and petitioner's counsel agree that petitioner's challenges to his conviction and sentences should be adjudicated in the original petition (Case No. 2:02-cv-0013) and that the claims raised in the later-filed action substantially duplicate those of the earlier action, the court should dismiss the later petition as duplicative.

Any claims not already raised in the earlier petition may not be "combined with and adjudicated as part of" the earlier petition absent an order from the court granting a properly filed and supported motion to amend that petition. The court will not comb through both petitions to determine which claims are duplicative and which are new. Instead, if petitioner wishes to raise new claims, he must seek leave to file an amended petition in Case No. 2:02-cv-0013.

For the foregoing reasons, it is hereby RECOMMENDED that the petition filed as Case No. 2:17-cv-1112 be dismissed and petitioner be directed to file a motion to amend the petition in the earlier action, 2:02-cv-0013-TLN-EFB, if there are new bases on which he wishes to challenge his conviction or sentence.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  September 21, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE